JAMES V. FAZIO, III (CSB# 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB# 243042)
trevorcoddington@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:     (858) 792-3446
Facsimile:      (858) 792-3447

Attorneys for Plaintiff,
UNISONE STRATEGIC IP, INC.

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNISONE STRATEGIC IP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LIFE TECHNOLOGIES CORPORATION; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. **'13CV1278 GPC JMA** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Unisone Strategic IP, Inc. ("Unisone") hereby complains of Life Technologies Corporation and DOES 1 through 10 (collectively, "Life Tech"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

## THE PARTIES

2. Unisone is an intellectual property holding company based in San Diego, California with a patent portfolio spanning 32 countries and serving an international customer base that includes Fortune 100 companies. Unisone's operating entities provide supply chain management software and solutions that give businesses the ability to track, manage, monitor and search inventory in real-time.

3. Unisone is informed and believes and based thereon alleges that Defendant Life Tech is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 5791 Van Allen Way, Carlsbad, California 92008. According to press releases issued on April 15, 2013, Life Tech has agreed to be acquired by Thermo Fisher Scientific based in Waltham, Massachusetts for $13.6 billion.

4. Unisone is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. Unisone will amend the complaint to assert their true names when they have been ascertained. Unisone is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

5. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Life Tech because it resides in this District, because Life Tech has conducted and is conducting systematic and continuous business in this District, and because Life Tech has committed and is continuing to commit patent

1

**COMPLAINT**

infringement in this District by making, selling, offering for sale, importing, and/or distributing (among other things) Life Tech's Supply Chain Management System ("SCMS") software.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Life Tech resides in this District, and because certain of the acts complained of herein occurred in this District.

## GENERAL ALLEGATIONS

8. On February 7, 2006, the United States Patent & Trademark Office ("PTO") duly and lawfully issued U.S. Patent No. 6,996,538, entitled "Inventory Control System and Methods" ("the '538 patent"). Unisone is the sole owner by assignment of the '538 patent, a copy of which is attached hereto as Exhibit A.

9. Unisone is informed and believes and based thereon alleges that Life Tech's products include or incorporate SCMS software that infringes one or more claims of the '538 patent  Life Tech's SCMS software provides real-time tracking and management of inventory between Life Tech's customers and suppliers. Unisone is further informed and believes and thereon alleges that Life Tech's infringement is willful.

## CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 6,996,538)**

10. Unisone repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 9 as though set forth fully herein.

11. This claim is for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.

12. Life Tech's SCMS software provides a web-based interface for product search, selection, and checkout of all items. In addition, the SCMS software provides automated management of onsite inventories, including reporting features for cost center accounting. SCMS software is designed to support customer's existing business rules and can integrate with customers' eProcurement platform for further simplification of the ordering workflow.

13. Unisone is informed and believes and based thereon alleges that Life Tech, by and through its agents, officers, directors, employees and servants, has been and is currently willfully

and intentionally infringing the '538 patent by (a) making, using, offering to sell, and/or selling SCMS software that is covered by at least one claim of the '538 patent; (b) actively inducing direct infringement of the '538 patent; and/or (c) importing, offering to sell, or selling one or more components of SCMS software knowing such components to be especially made or adapted for use in infringing the '538 patent and not staple articles or commodities suitable for substantial noninfringing use. Life Tech's acts constitute infringement of the '538 patent in violation of 35 U.S.C. §§271(a), (b) and/or (c).

14. Unisone is further informed and believes and based thereon alleges that if and to the extent Life Tech is not infringing directly, Life Tech is infringing indirectly by contributing to and/or inducing direct infringers, including without limitation customers and suppliers of Life Tech to infringe the '538 patent. Unisone is further informed and believes and based thereon alleges that Life Tech is knowingly inducing direct infringement and has the specific intent to encourage its customers and suppliers to infringe the '538 patent directly by (among other things) intentionally encouraging and/or aiding its customers and suppliers to use Life Tech's SCMS software. Life Tech intentionally designs, manufactures, markets, promotes, sells, services, supports (including technical support), provides updated software, and educates its customers and suppliers about its SCMS software. Life Tech has known or should have known that these actions would cause direct infringement of the '538 patent and committed these actions with the specific intent to encourage and/or aid direct infringement.

15. Unisone is informed and believes and based thereon alleges that Life Tech's customers and suppliers put Life Tech's SCMS software into service, i.e., control the system as a whole and obtain benefit from it.

16. Unisone is informed and believes and based thereon alleges that Life Tech's infringement will continue unless enjoined by this Court.

17. Unisone is informed and believes and based thereon alleges that Life Tech has derived and received, and will continue to derive and receive, gains, profits and advantages from the alleged acts of infringement in an amount not presently known to Unisone but in excess of the jurisdictional requirement of this Court. By reason of the aforesaid infringing acts, Unisone has

been damaged and is entitled to monetary relief in an amount to be determined at trial but in excess of the jurisdictional requirement of this Court.

18.     Because of the aforesaid infringing acts, Unisone has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Unisone prays for judgment against Life Tech as follows:

(a)     An Order adjudging Life Tech to have infringed the '538 patent under 35 U.S.C. § 271;

(b)     An Order adjudging Life Tech to have willfully infringed the '538 patent under 35 U.S.C. § 271;

(c)     A permanent injunction under 35 U.S.C. § 283 enjoining Life Tech, its officers, directors, agents, servants, employees and attorneys, parent company and acquirers, and those persons acting in concert or participation with Life Tech, from directly or indirectly infringing the '538 patent in violation of 35 U.S.C. § 271;

(d)     That Life Tech account for all damages by its infringement of the '538 patent in violation of 35 U.S.C. § 271, and that Life Tech pay to Unisone all damages suffered by Unisone;

(e)     An order for a trebling of damages and/or exemplary damages due to Life Tech's willful misconduct under 35 U.S.C. § 284;

(f)     An Order adjudging that this is an exceptional case;

(g)     An award to Unisone of the attorneys' fees and costs incurred by Unisone in connection with this action under 35 U.S.C. § 285; and

(h)     Such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: June 3, 2013 | SAN DIEGO IP LAW GROUP LLP |
| | By: /s/James V. Fazio, III |
| | JAMES V. FAZIO, III |
| | TREVOR Q. CODDINGTON |
| | Attorneys for Plaintiff, |
| | UNISONE STRATEGIC IP, INC. |

## **DEMAND FOR JURY TRIAL**

Unisone hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Dated: June 3, 2013 | SAN DIEGO IP LAW GROUP LLP |
| | By: /s/James V. Fazio, III |
| | JAMES V. FAZIO, III |
| | TREVOR Q. CODDINGTON |
| | Attorneys for Plaintiff, |
| | UNISONE STRATEGIC IP, INC. |