1
2
3
4
5
6
7
8                UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10

11  UNISONE STRATEGIC IP, INC.,        )   Case No. 3:13-cv-1278-GPC-JMA
                                       )
12              Plaintiff,             )   **ORDER GRANTING**
                                       )   **DEFENDANT LIFE**
    v.                                 )   **TECHNOLOGIES**
13                                     )   **CORPORATION'S MOTION TO**
    LIFE TECHNOLOGIES                  )   **DISMISS PLAINTIFF UNISONE**
14  CORPORATION; DOES 1 through 10,    )   **STRATEGIC IP, INC.'S**
    inclusive,                         )   **COMPLAINT**
15                                     )
                Defendants.            )   **(ECF  NO. 10)**
16  _____   )

17

18                    **INTRODUCTION**

19        Before the Court is defendant Life Technologies Corporation's ("Defendant")

20  Motion to Dismiss plaintiff Unisone Strategic IP, Inc's ("Plaintiff") Complaint

21  ("Motion to Dismiss").  (ECF No. 1.)  Plaintiff filed an opposition to the Motion to

22  Dismiss, (ECF No. 17), and defendant filed a reply, (ECF No. 18).  For the reasons set

23  forth below, Defendant's Motion to Dismiss is **GRANTED WITH LEAVE TO**

24  **AMEND**.

25                     **BACKGROUND**

26        On June 3, 2013, Plaintiff filed its Complaint for patent infringement, alleging

27  Defendant's software infringes U.S. Patent No. 6,996,538 ("the '538 patent"), of which

28  Plaintiff alleges it is the sole owner by assignment.  (ECF No. 1.)  More specifically,

Plaintiff alleges Defendant's Supply Chain Management System ("SCMS") software infringes one or more claims of the '538 patent.[1]  The '538 patent describes "[a] system and method which allows third-parties to monitor company inventory via the Internet and World Wide Web ("web") and automatically order needed items." Plaintiff alleges Defendant's SCMS software provides real-time tracking and management of inventory between Life Tech's customers and suppliers.

## DISCUSSION

### I.   Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In federal court, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(2).  A complaint is deficient if it fails to state a plausible claim for relief on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion, courts accept all well-pleaded allegations of material fact as true and construes them in a light most favorable to the nonmoving party.  Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir.1998).   In addition to the complaint itself, a court "may consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged

---

[1] Defendant notes in its Motion to Dismiss that its software is actually called "Supply Center Management System."

pleading could not possibly cure the deficiency.'" <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992) (quoting <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend.  <u>See</u> <u>Desoto</u>, 957 F.2d at 658.

## II.    Analysis

Defendant moves to dismiss Plaintiff's claims for induced, contributory, and willful infringement because Plaintiff has alleged no facts demonstrating Defendant "had the intent to cause infringement . . . or that [Defendant] willfully infringed the patent." (ECF No. 10-1.)  Defendant asserts Plaintiff "does not even allege that [Defendant] had knowledge of the '538 patent."  Defendant further argues Plaintiff's contributory infringement claim fails because Plaintiff has not alleged "the necessary facts detailing how [Defendant's] accused product is 'especially made or adapted for use in an infringement [of the '538 patent]."

### A.    Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).  To state a claim for induced infringement, a plaintiff must allege facts showing the alleged infringer (1) knew of the patent, (2) knowingly induced the infringing acts, and (3) possessed a specific intent to encourage another's infringement of the patent.  <u>DSU Med. Corp. v. JMS Co.</u>, 471 F.3d 1293, 1304 (Fed. Cir. 2006); <u>Pacing Techs., LLC v. Garmin Int'l, Inc.</u>, 2013 WL 444642, at *2 (S.D. Cal. Feb. 5, 2013).

#### 1.    Knowledge

District court decisions vary as to whether knowledge of a patent based on the filing of a complaint is sufficient to meet the knowledge requirement for an induced infringement claim.  <u>See</u> <u>Pacing Techs.</u>, 2013 WL 444642, at *2 (concluding that post-filing knowledge of a patent suffices to state a claim for induced infringement); <u>see also</u> <u>EON Corp. IP Holdings, LLC v. Sensus USA, Inc.</u>, 2012 WL 4514138, at *1

(N.D. Cal. Oct.1, 2012) (concluding that " post-filing knowledge is sufficient to meet this requirement"); but see Mallinckrodt Inc. v. E-Z-EM Inc., 670 F. Supp. 2d 349, 354 (D. Del. 2009) (finding the plaintiffs' contention that knowledge can be established by the filing of a complaint unpersuasive).

This Court adopts the view that post-filing knowledge is sufficient to meet the knowledge requirement as to any infringement occurring after the filing of a complaint because there is

> no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit.

Pacing Techs., 2013 WL 444642, at *2 (quoting Trading Tech. Int'l., Inc. v. BCG Partners, Inc., 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011)).

Even though the Court adopts the post-filing rule, Plaintiff still fails to allege sufficient facts establishing Defendant had knowledge of the patent. No where in the Complaint did Plaintiff allege that the filing of the Complaint satisfied the knowledge requirement for induced infringement. In fact, Plaintiff does not allege Defendant had knowledge of the '538 patent at all. In opposition to Defendant's Motion to Dismiss, Plaintiff nevertheless argues its "indirect infringement claims are presently limited to [Defendant's] post-filing conduct" and that Defendant gained knowledge of the patent from the filing of the Complaint. (ECF No. 17.) While alleging necessary facts in an opposition brief may suffice to acquire leave to amend a deficient complaint, such new facts do not save a deficient complaint from dismissal. Because Plaintiff did not sufficiently allege Defendant's knowledge of the patent, Plaintiff fails to state a claim for induced infringement.

### 2.    Specific Intent

Plaintiff also fails to sufficiently allege Defendant had the specific intent to induce others to infringe.

The Supreme Court has made clear that "inducement must involve the taking of

4

3:13-cv-1278-GPC-JMA

affirmative steps to bring about the desired result." <u>Global-Tech Appliances, Inc. v. SEB S.A.</u>, 131 S.Ct. 2060, 2065 (2011).  This goes hand in hand with the requirement that a plaintiff demonstrate the alleged infringer had the specific intent to encourage another's infringement.  <u>See</u> <u>DSU Med. Corp.</u>, 471 F.3d at 1304.  "[T]he specific intent necessary to induce infringement 'requires more than just intent to cause the acts that produce direct infringement . . . ., the inducer must have an affirmative intent to cause direct infringement.'" <u>Kyocera Wireless Corp. v. Int'l Trade Com'n</u>, 545 F.3d 1340, 1354 (Fed. Cir. 2008) (quoting <u>DSU Med. Corp.</u>, 471 F.3d at 1306.)

Plaintiff does not allege facts showing Defendant took affirmative steps to induce others to infringe.  Plaintiff alleges Defendant "has the specific intent to encourage its customers and suppliers to infringe the '538 patent directly by (among other things) intentionally encouraging and/or aiding its customers and suppliers to use [Defendant's] SCMS software."  This allegation fails because Plaintiff must allege "more than just an intent to cause the acts that produce direct infringement."  <u>See</u> <u>Kyocera</u>, 545 F.3d at 1354.

Plaintiff further alleges Defendant "intentionally designs, manufactures, markets, promotes, sells, services, supports (including technical support), provides updated software, and educates its customers and suppliers about its SCMS software."  Even taken as true, these allegations also fail because they merely indicate that Defendant provides instruction, technical support, and training for using its own software, and nothing more.  As such, Plaintiff's allegations are concuslory and not sufficient to plausibly infer that Defendant had the specific intent to induce others to infringe.

Plaintiff cites <u>Petter Investments, Inc. v. Hydro Engineering, Inc.</u>, 664 F. Supp. 2d 816, 827 (W.D. Mich. 2009), in arguing its conclusory allegation that Defendant has encouraged others to infringe is "precisely enough to state a claim for inducement." Plaintiff's reliance on <u>Petter</u>, however, is misplaced.  The <u>Petter</u> court did not address the sufficiency of a claim for induced infringement under Rule 12(b)(6).  <u>See id.</u> at 827. Rather, the court addressed the sufficiency of the patentee's evidence in adjudicating

1  a motion for summary judgment.  Id.

2      Because Plaintiff has not alleged facts demonstrating Defendant had the specific

3  intent to encourage others to infringe the '538 patent, Plaintiff has failed to sufficiently

4  state a claim for induced infringement.  Accordingly, Defendant's Motion to Dismiss

5  Plaintiff's claim for induced infringement is **GRANTED**.

6      **B.    Contributory Infringement**

7      Defendant moves to dismiss Plaintiff's claim for contributory infringement

8  because Plaintiff failed to allege Defendant had knowledge of the '538 patent or the

9  specific intent to cause infringement.  Defendant also asserts that Plaintiff failed to

10  allege Defendant's software is "especially made or especially adapted for use in an

11  infringement."

12      Contributory infringement occurs if a party sells or offers to sell, a
     material or apparatus for un in practicing a patented process, and that
13      "material or apparatus" is material to practicing the invention, has no
     substantial non-infringing uses, and is known by the party "to be
14      especially made or especially adapted for use in an infringement of such
     patent."

15  In re Bill of Lading Transmission & Processing Sys. Patent Lit., 681 F.3d 1323, 1337

16  (Fed. Cir. 2012) (citing & quoting 35 U.S.C. § 271(c)).

17      The Court has reviewed the case law to determine whether a claim for

18  contributory infringement requires a showing of specific intent.  The Court agrees with

19  Plaintiff that, unlike a claim for induced infringement, a claim for contributory

20  infringement does not require a showing of specific intent to cause infringement.  See

21  e.g., INVISTA North America S.a.r.l. v. M & G USA Corp., 2013 WL 3196817, at *13

22  n.12 (D. Del. June 25, 2013) ("Intent to cause infringement is not a requirement of

23  contributory infringement under 35 U.S.C. § 271(c).").

24      Nonetheless, Plaintiff's reliance on the Supreme Court's decision in Global-Tech

25  is misguided.   In Global-Tech, the Supreme Court merely held that "induced

26  infringement under § 271(b) requires knowledge that the induced acts constitute patent

27  infringement."  131 S. Ct. at 2068.  Although the phrase "nor has Congress seen fit to

28  alter § 271(c)'s intent requirement," (emphasis added), appeared in dicta, the plain

reading of the § 271(c) suggests that any reference to § 271(c) having an intent requirement relates to the phrase: "knowing the same to be especially made or especially adapted for use in an infringement." Id.

Given the historical view that induced infringement was a type of contributory infringement, the Supreme Court analyzed § 271(c)'s "knowing" phrase in an effort to determine the type of knowledge required for an induced infringement claim.  Citing its decision in Aro Manufacturing. Co. v. Convertible Top Replacement Co., Inc., 377 U.S. 476, 488(1964), the Supreme Court  observed that § 271(c)'s "knowing" phrase required an infringer to have knowledge of the patent—rather than mere knowledge that the component was especially adapted for use in a product that happened to infringe the patent.  Id. at 2067-68.  The Court thus extended that interpretation to the knowledge element of an induced infringement claim.  No where in the opinion did the Supreme Court suggest § 271(c)'s "knowing" phrase required an infringer to possess the specific intent required for an induced infringement claim.  Accordingly, the Supreme Court's decision in Global-Tech  does not support the proposition that a claim for contributory infringement requires a showing of specific intent to cause infringement.[2]

Here, Plaintiff fails to adequately allege a claim for contributory infringement.  As discussed above, Plaintiff has failed to allege Defendant's knowledge of the '538 patent.  Plaintiff also fails to allege facts showing how any component of Defendant's SCMS software is especially made or especially adapted for use in an infringing "material or apparatus."  Plaintiff alleges Defendant

> has been and is currently willfully and intentionally infringing the '538 patent by . . .  importing, offering to sell, or more components of Defendant's SCMS software knowing such components to be especially

---

[2] Defendant also cites Discflo Corp. v. American Process Equip., Inc., 2011 WL 6888542, * at 3 (S.D. Cal., Dec. 29, 2011), for the proposition that a specific intent to cause infringement is required to state a contributory infringement claim.  Discflo, however, does not support this proposition.  While the court found that the plaintiff had "failed to adequately allege specific intent to induce or contribute to infringement," the court must have meant the "specific intent" intent reference to refer only to the plaintiff's claim for induced infringement because, in setting forth the elements of a contributory infringement claim, the court did not include a specific intent requirement.

made or adapted for use in infringing the '538 patent and not staple articles or commodities suitable for substantial noninfringing use. (ECF No. 1 at 3-4.)

Plaintiff merely recites the statutory language of § 271(c) but does not allege any facts regarding which component of Defendant's SCMS software is made or adapted for use in an infringement.  Because Plaintiff has not alleged facts as to Defendant's knowledge of the '538 patent and did not identify which component of Defendant's SCMS software is made or adapted for use in an infringement, Plaintiff fails to allege facts to support a claim for contributory infringement.  Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for contributory infringement is **GRANTED**.

## C.   Willful Infringement

Defendant moves to dismiss Plaintiff's claim for willful infringement because Plaintiff has not alleged Defendant had knowledge of the '538 patent.

"[A] party cannot be found to have willfully infringed a patent of which the party had no knowledge." Gustafson, Inc. v. Intersystems Indus. Prods., Inc., 897 F.2d 508, 511 (Fed. Cir. 1990).  Willful infringement differs from inducement in that, allegations of post-filing knowledge are generally insufficient to support a claim.  In re Seagate Tech., LLC, 497 F.3d 1360, 1374 (Fed. Cir. 2007); Pacing Techs., 2013 WL 444642, at * 3.  "A bare recitation of the required legal elements for willful infringement or a mere allegation, without more, that [d]efendants knew of the patents-in-suit will not survive a Rule 12(b)(6) motion."  Pacing Techs., 2013 WL 444642 at * 3.  At a minimum, a plaintiff must make out "the barest factual assertion of knowledge."  See Avocet Sports Tech., Inc. v. Garmin Int'l, Inc., 2012 WL 2343163, at *3 (N.D. Cal. June 5, 2012).

Again, Plaintiff fails to allege facts establishing Defendant had knowledge of the '538 patent.  Plaintiff merely alleges it "believes . . . [Defendant's] infringement is willful."  (ECF No. 1 at 2.)  As such, Plaintiff fails to meet the minimum standard of pleading even the "barest factual assertion of knowledge."  Avocet Sports Tech., Inc., 2012 WL 2343163, at *3.  Accordingly, Defendant's Motion to Dismiss Plaintiff's

1   claim for willful infringement is **GRANTED**.

2        **D.**     **Leave to Amend**

3        Finding it possible for Plaintiff to cure the aforementioned deficiencies, the

4   Court concludes leave to amend should be **GRANTED**. See DeSoto, 957 F.2d at 658.

5                          **<u>CONCLUSION</u>**

6        For the foregoing reasons, **IT IS HEREBY ORDERED** that:

7        1.     Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claims for

8              induced, contributory, and willful infringement;

9        2.     If Plaintiff wishes to file an amended Complaint, Plaintiff shall do so on

10              or before **November 15, 2013**; and

11        3.     The hearing on Defendant's Motion to Dismiss, currently set for October

12              25, 2013, is **VACATED**.

13   DATED:  October 22, 2013

14   

15   HON. GONZALO P. CURIEL
     United States District Judge

9