# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNISONE STRATEGIC IP, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIFE TECHNOLOGIES CORPORATION; LELAND STANFORD JUNIOR UNIVERSITY; UNIVERSITY OF CALIFORNIA AT LOS ANGELES; UNIVERSITY OF CALIFORNIA AT SAN DIEGO; UNIVERSITY OF SAN DIEGO; SAN DIEGO STATE UNIVERSITY; HARVARD UNIVERSITY; PENNSYLVANIA STATE UNIVERSITY; NOVARTIS CORPORATION; And DOES 1 through 300, inclusive, <br><br> Defendants. | CASE NO. 3:13-cv-1278-GPC-JMA <br><br> **ORDER:** <br><br> **(1) GRANTING DEFENDANT'S MOTION TO STAY PENDING COVERED BUSINESS METHOD PATENT REVIEW;** <br><br> **(2) VACATING HEARING DATE** <br><br> **[ECF No. 55]** |

## I. INTRODUCTION

On June 3, 2013, Plaintiff Unisone Strategic IP, Inc. ("Plaintiff") filed a complaint for patent infringement, alleging defendant Life Technologies Corporation's ("Defendant") software infringed U.S. Patent No. 6,996,538 (the "'538 patent"), which Plaintiff allegedly owns by assignment. (ECF No. 1.) On November 15, 2013, after Plaintiff filed the currently operative First Amended Complaint ("FAC"). (ECF No.

21.) On April 2, 2014, the Court stayed this case pending reexamination proceedings. (ECF No. 35.) On November 24, 2014, reexamination proceedings concluded with the certificate reflecting amended claims. (ECF No. 50.) On January 7, 2015, the Court lifted the stay pursuant to the conclusion of reexamination proceedings. (ECF No. 53.)

Before the Court is Defendant's Motion to Stay Pending Covered Business Method Review. (ECF No. 55.) Plaintiff opposes. (ECF No. 58.) The Leahy-Smith America Invents Act (the "AIA") provides a "transitional program" to review covered business method ("CBM") patents. AIA § 18. The AIA further grants district courts authority to stay proceedings, pending CBM review before the U.S. Patent and Trademark Office (the "USPTO"), upon the consideration of four factors:

(A)  whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B)  whether discovery is complete and whether a trial date has been set;

(C)  whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D)   whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*Id.* § 18(b)(1); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1310 (Fed. Cir. 2014). The parties have fully briefed the motion. (ECF Nos. 55, 58, 59.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, oral argument, and applicable law, the Court **GRANTS** Defendant's Motion to Stay Pending CBM Review.

## II. DISCUSSION

**A. Simplification**

The first factor considers whether a stay will simplify the issues. AIA § 18(b)(1)(A). The CBM review in this case challenges 15 of the 96 claims in the '538

1  patent. (ECF No. 58-4, Ex. B, at 1.) Plaintiff argues that this factor does not favor a
2  stay because: (1) "only 18%" of the claims are being challenged, and (2) the CBM
3  review challenges the claims based on patentability. (ECF No. 58, at 3.) However,
4  CBM review of less than all of a patent's claims can still simplify the issues. *Versata*
5  *Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1371–73 (Fed. Cir. 2014)
6  *vacated on other grounds by* — F.3d —, 2015 WL 981523 (Fed. Cir. Feb. 27, 2015).
7  Additionally, CBM review precludes a petitioner from raising invalidity arguments in
8  federal courts that it raises during CBM review. AIA § 18(a)(1)(D). Thus, because a
9  determination by the USPTO of Defendant's 35 U.S.C. § 101 invalidity argument will
10  preclude Defendant from making that argument to this Court, a stay pending CBM
11  review will simplify the issues in this case.

12  **B. Discovery and Trial Date**

13  The second factor considers whether discovery is complete and a trial date has
14  been set. AIA § 18(b)(1)(B). Discovery has not commenced in this case and a trial date
15  has not been set. (ECF No. 35, at 2.)

16  **C. Prejudice**

17  The third factor considers whether the nonmoving party would be unduly
18  prejudiced or the moving party would gain a tactical advantage. AIA § 18(b)(1)(C).
19  Plaintiff first argues that Defendant's delay in bringing CBM review shows that it was
20  "tactically driven." (ECF No. 58, at 5.) However, as Defendant correctly points out,
21  during that period of delay, an ex parte reexamination was pending which could have
22  resulted, and did result, in amended claims. (ECF No. 59, at 6.) Because the claims
23  could change, it would have been premature to petition for CBM review prior to the
24  conclusion of ex parte reexamination. Plaintiff next argues that its subsidiaries would
25  be prejudiced by a stay. (ECF No. 58, at 8.) As an initial matter, it is unclear whether
26  Frequentz or TradeMotion is a subsidiary or licensee of Plaintiff. Defendant argues that
27  Frequentz "appears to offer its products in the same or similar biotech and
28  pharmaceutical industries." (ECF No. 58, at 8.) For there to potentially be undue

prejudice, two companies must be direct competitors and Plaintiff has failed to show that, though they may be in the same industries, Frequentz and TradeMotion are direct competitors with Defendant. *See Segin Sys., Inc. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 483 (E.D. Va. 2014). Accordingly, the Court finds that Plaintiff has not shown that it will suffer undue prejudice or that Defendant would gain a tactical advantage.

**D. Litigation Burden**

The fourth factor considers whether a stay would reduce the litigation burden. AIA § 18(b)(1)(D). Plaintiff contends that the litigation burden will not be reduced because, in a separate case involving the same patent, the defendant in that case will not be estopped, by CBM review, from making certain arguments. (ECF No. 58, at 13.) However, it is undisputed that the defendant in this case will be precluded from making such arguments and thus the Court finds that a stay would reduce the litigation burden on the parties and the Court in this case. As all four factors favor a stay, the Court GRANTS Defendant's Motion to Stay Pending CBM Review.

### III. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Stay Pending CBM Review, (ECF No. 55), is **GRANTED**. This case is therefore **STAYED** pending a final outcome of the CBM review before the USPTO;

2. Beginning **May 1, 2015**, Defendant is directed to file monthly reports as to the status of the CBM review proceedings; and

3. The hearing set for April 10, 2015, is **VACATED**.

DATED: April 8, 2015

HON. GONZALO P. CURIEL
United States District Judge