# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNISONE STRATEGIC IP, INC, <br><br>Plaintiff, <br><br>v. <br><br>LIFE TECHNOLOGIES CORPORATION; and DOES 1 through 300, inclusive, <br><br>Defendant. | Case No.: 13-cv-1278-GPC-LL <br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** <br><br>**[DKT. No. 120]** |

Plaintiff Unisone Strategic IP, Inc. ("Plaintiff" or "Unisone") has moved for leave to file a second amended complaint against Defendant Life Technologies Corporation ("Life Tech"). ECF No. 120. On August 2, 2019, Life Tech filed a response in opposition to the motion. ECF No. 121. Subsequently, Unisone filed its reply in support of the motion for leave on August 9, 2019. ECF No. 122. Upon review of the moving papers, the Court finds that good cause exists to permit the filing of a Second Amended Complaint.

//

//

1

## I. Background

On July 25, 2013, Plaintiff filed its initial Complaint asserting infringement of U.S. Pat. No. 6,996,538 ("the '538 patent") against Defendant. ECF No. 1. Defendant soon filed a motion to dismiss the Complaint, ECF No. 10, which the Court granted on October 22, 2013. ECF No. 19. On November 4, 2013, TraceLink, Inc. ("TraceLink"), a defendant in a co-pending action before this Court, filed a request for *ex parte* reexamination of the '538 patent. *See* 3:13-CV-01743-GPC-LL. Shortly afterwards, Plaintiff filed a first amended complaint alleging infringement of the same patent. ECF No. 21. The Court stayed this action on April 2, 2014, pending the reexamination of the patent. ECF No. 35.

A reexamination certificate was subsequently issued on November 24, 2014, amending the '538 patent and allowing the claims over the asserted prior art. U.S. *Ex Parte* Reexamination Cert. No. US 6,996,538 C1. Afterwards, on December 5, 2014, Life Tech filed a petition requesting covered business method (CBM) patent review of the '538 patent before the United States Patent and Trademark Office Patent Trial and Appeal Board ("USPTO PTAB"). CBM2015-00037. As such, on April 8, 2015, the Court stayed the instant action until the outcome of the CBM review. ECF No. 60.

On December 30, 2015, Life Tech filed a second petition requesting CBM patent review of the '538 patent before the USPTO PTAB on December 30, 2015. CBM2016-00025. In total, Life Tech sought CBM review of claims 1, 14, 19, 22-28, 32, 34-36, 52, 62, 67, 70-76, 81, 83-85, and 96. CBM2015-00037, Paper No. 1; CBM2016-0025, Paper No. 2. None of these challenged claims survived CBM review and were thus declared invalid by the USPTO.

Claims 2-13, 15-18, 20, 21, 29-31, 33, 37-51, 52-61, 64-66, 68, 69, 77-80, 82, 86-95 were not challenged. Plaintiff now seeks to bring only these claims against the Defendant in its second amended complaint.

## II. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure states that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). In accordance with the Federal Rules' liberal pleading standards, courts typically apply the policy of free amendment with much liberality. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), *citing United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## III. Discussion

Plaintiff argues that this Court should grant its motion for leave to file an amended complaint because such motions are granted liberally – and because the Complaint has been amended to assert plausible infringement claims. Defendants counter that Plaintiff's motion should be denied on the basis of futility. Specifically, Defendants contend that Unisone cannot present a viable argument that its remaining claims on the '538 patent are valid. Moreover, Defendants proffer that Unisone's claims are collaterally estopped following the *ex parte* reexamination of the patent. As such, Life Tech submits that Unisone cannot present a non-frivolous infringement position that would survive a motion to dismiss and should not be allowed to file a second amended complaint. The Court will address these arguments in turn.

### a. Futility Under Rule 15

While Courts can freely grant leave to amend under Rule 15, the Court may also deny leave for futility on a discretionary basis when a proposed amendment lacks a cognizable legal basis. *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992). Amendments can be considered futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 849 F.3d 646, 656 (9th Cir. 2017) (internal quotation omitted). Examples of futile amendments include those that are "duplicative of existing claims" or "patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (alteration omitted).

Denial of leave to amend for futility is rare since Courts typically defer consideration on the merits until after an amended pleading has been filed. *See, e.g., Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (pointing that there is a "general preference against denying a motion for leave to amend based on futility); *Allen v. Bayshore Mall*, 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."). Courts have liberally construed the standard for leave to amend on the basis that parties' arguments are better developed through a motion to dismiss. And when the parties' arguments are more completely formed, Courts are better able to rule on the sufficiency of the allegations presented.

### 1. Validity of the Remaining '538 Claims

Defendants suggest that Plaintiff's remaining claims from the '538 patent asserted in the SAC fail because they lack patentable subject matter. According to Defendants, these claims are invalid for the same reasons that the claims evaluated during the CBM

4

proceedings were found unpatentable by PTAB. Each of the claims brought before PTAB were found to stem from the same abstract idea of "inventory management based on collected data and customer information." ECF No. 121-2 at 24. In addition, PTAB found that nothing could transform the claims brought before CBM into a patentable application of the abstract idea or invention. As a result, Defendants aver that none of the remaining dependent claims in the '538 Patent could possibly transform the otherwise unpatentable steps of the independent claims into a patentable invention. To bolster their argument, Defendants note that the additions on the remaining claim each relate "only to elements used to implement the abstract idea of collecting storing, and analyzing information," and cover only well-known or conventional ideas activities that use general computer components. ECF No. 121 at 8.

Unisone responds that Life Tech has not offered any evidence or expert testimony that the remaining claims fail. Specifically, Unisone points out that Life Tech has not conducted an analysis of the asserted claims under the two-step test articulated in *Alice Corp. v. CLS Bank, Int'l*, 573 U.S. 208 (2014) and instead only relies on the two final CBM decisions. Since the CBM decisions cover different claims that the ones now at issue, Unisone argues that it is plausible that the remaining claims, which include additional specifications and limitations, are valid under *Alice*. And moreover, Unisone submits that the patentability is a uniquely individualized and factual inquiry and cannot be dismissed in wholesale fashion without additional analysis of the claims. The existence of these question of fact with respect to the asserted claims, according to Unisone, must preclude a determination of invalidity at this early stage of litigation.

In addition, Unisone argues that there is a meaningful difference between the remaining claims and the dismissed parent claims. As an example, Unisone points to claims 11, 30, and 48, which require an RFID tag. Life Tech contends that since the largely similar parent claims were deemed invalid, the addition of an RFID tag alone in

5

the remaining claims cannot render them patentable. However, Unisone counters that Life Tech's argument is devoid of evidentiary and factual support for the "foundational fact that such an electronic portal device for reading RFID tags [. . .] was well-understood, routine, and convention as of <u>March 7, 2000</u>, when the '538 Patent application was filed." ECF No. 122 at 5. (Emphasis in original). Unisone also points to expert declarations in the proposed Second Amended Complaint which state that the RFID tag – and other additional elements not included on the foreclosed parent claims – central to the remaining claims were not well-understood, routine, or conventional at the time of filing. As such, Unisone asserts that these factual differences on the remaining claims must lend themselves to a full analysis and at minimum, they should be allowed to file their amended complaint.

The Court agrees. Although the parent claims on the '538 patent were unquestionably deemed invalid through the CBM review process, there is no evidence that the derivative claims, which contain additional elements, would also be undoubtedly unpatentable by association. Moreover, the Court finds that additional analysis of the validity of the remaining claims requires an in-depth examination of the merits of Plaintiff's claims. This type of inquiry is more appropriately conducted in the context of a motion to dismiss or a later motion for summary judgment. And in looking to Plaintiff's proffered questions of fact, the Court finds that Unisone has provided support for its assertions to at least survive the low threshold for filing an amended complaint.

### 2. Collateral Estoppel

Next, Life Tech asserts that Unisone's remaining claims are collaterally estopped because the *ex parte* reexamination of the patent and the CBM review found the parent claims on the '538 patent to be invalid. Specifically, Life Tech argues that the differences between the remaining claims and the claims adjudicated in the CBM proceedings do not materially alter the question of validity. Since a final PTAB

6

13-cv-1278-GPC-LL

judgment on the invalidity of a patent claim has an issue-preclusive effect on any pending actions that involve that patent, Life Tech submits that Plaintiff's remaining claims must be precluded. *See XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1344 (Fed. Cir. 2013). Moreover, Life Tech points to Federal Circuit precedent which suggests that collateral estoppel is not limited to "patent claims that are identical;" rather, "it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Ohio Williw Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) (emphasis in original). If the differences between the unadjudicated patent claims and adjudicated patent claims "do not materially alter the question of invalidity, collateral estoppel applies." *Id.*

In response, Plaintiff counters the remaining claims are materially different from the parent claims that were invalidated by CBM review. To support this argument, Plaintiff points to the differences that it offered in support its contention that invalidity of the remaining patents is not a foregone conclusion. Although the claims stem from the same '538 patent, Plaintiff argues that the asserted issues are not identical with those raised in the CBM proceedings. As such, Plaintiff proffers that the remaining claims have undeniably not been litigated or decided and also that the CBM patentability determinations were not dependent on the structures identified in the remaining claims.

Once again, the Court finds that there is at least a question that the claims are not collaterally estopped. As such, Plaintiff's claims are sufficient to at least support the filing of a Second Amended Complaint. A party asserting issue preclusion must demonstrate: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits. *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017), *citing Oyeniran v.*

*Hodler*, 672 F.3d 800, 806 (9th Cir. 2012) (internal quotations omitted). Courts have certainly found that petitioners are estopped from asserting the same claims in a subsequent infringement action that were found to be invalid from through a CBM review. However, courts have also declined to apply estoppel against claims that were not subject to a final written decision. *See Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, 2017 WL 1196642, at *2 (D. Del. Mar. 30, 2017); *Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1316 (Fed. Cir. 2016) (finding that "the validity of claims for which the Board did not institute inter partes review can still be litigated in district court"). Life Tech chose to challenge some – but not all – claims through PTAB reviews. Since Unisone has articulated a reasonable basis to suggest that the unchallenged claims materially differ from the invalid claims, the Court will permit Plaintiff to at least file a second amended complaint.

### 3. Infringement

Defendants also argue that the accused system cannot possibly infringe any claim of the '538 Patent. Absent claim construction, discovery, and additional briefing – and for the reasons articulated above, the Court finds that determinations of infringement are inappropriate at this stage of litigation.

### b. Motion for Summary Judgment

In the alternative, Defendants argue that the Court should defer ruling on Unisone's motion to amend and immediately set a briefing schedule for summary judgment should additional briefing be required. However, questions of patentability and infringement necessarily require claim constructions and fact discovery. As such, the Court finds that setting a summary judgment schedule is inappropriate and premature at this stage.

//
//

8

### IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 120, is **GRANTED**. Acccordingly, Plaintiff must file a second amended complaint in the above-entitled action within **20 days** from the date of entry of this order. The hearing set for August 30, 2019 shall be **vacated**.

**IT IS SO ORDERED.**

Dated: August 23, 2019

Hon. Gonzalo P. Curiel
United States District Judge