UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNISONE STRATEGIC IP, INC, <br><br> Plaintiff, <br><br> v. <br><br> LIFE TECHNOLOGIES CORPORATION; and DOES 1 through 300, inclusive, <br><br> Defendant. | Case No.: 13-cv-1278-GPC-LL <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO STAY** <br><br> **[ECF. No. 144]** |

Defendant Life Technologies Corporation ("Life Tech") filed a motion to stay the case on November 5, 2019. ECF No. 144. Plaintiff Unisone Strategic IP, Inc. ("Plaintiff" or "Unisone") filed an amended opposition on November 26, 2019. ECF No. 151. TraceLink filed a reply on December 10, 2019. ECF No. 152. The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, the Court GRANTS Defendant's motion to stay.

**I.    Background**

On July 25, 2013, Plaintiff filed its initial Complaint asserting infringement of U.S. Pat. No. 6,996,538 ("the '538 patent") against Defendant.  ECF No. 1.  Defendant soon filed a motion to dismiss the Complaint, ECF No. 10, which the Court granted on October 22, 2013.  ECF No. 19.  On November 4, 2013, TraceLink, Inc. ("TraceLink"), a defendant in a co-pending action before this Court, filed a request for *ex parte* reexamination of the '538 patent.  *See* 3:13-CV-01743-GPC-LL.  Shortly afterwards, Plaintiff filed a first amended complaint alleging infringement of the same patent.  ECF No. 21.  The Court stayed this action on April 2, 2014, pending the reexamination of the patent.  ECF No. 35.

A reexamination certificate was subsequently issued on November 24, 2014, amending the '538 patent and allowing the claims over the asserted prior art.  U.S. *Ex Parte* Reexamination Cert. No. US 6,996,538 C1.  On December 5, 2014, Life Tech filed a Petition with the PTAB seeking CBM review of '538 patent claims 52, 62, 67, 70-76, 81, 83-85, and 96 (the "first CBM").  On April 8, 2015, the Court granted a motion to stay this action, pending the final outcome the first CBM.  ECF No. 59.  On December 30, 2015, Life Tech filed a second petition with the PTAB requesting CBM patent review of the '538 patent claims 1, 14, 19, 22-28, 32, 34-36, and 45 (the "second CBM").  In total, Life Tech requested CBM review of claims 1, 14, 19, 22-28, 32, 34-36, 52, 62, 67, 70-76, 81, 83-85, and 96.  *See* CBM2015-00037, Paper No. 1; CBM2016-00025, Paper No. 2.  None of these challenged claims survived review and were thus declared invalid by the PTAB on June 20, 2019.

On August 26, 2019, the Court granted Plaintiff leave to file a second amended complaint.  ECF No. 123.  On September 12, 2019, Plaintiff filed the currently operative second amended complaint, which asserts fifty-three dependent claims that were not at issue in the prior CBM reviews.  ECF No. 125.  Specifically, Plaintiff asserted

infringement of claims 4, 6, 8-12, 15-18, 21, 29-31, 39-40, 42-43, 46, 49, 57-58, 60, 63, 66, 69, 77-78, 86, and 93-94. ECF No. 125 at ¶¶ 24, 53.

On November 1, 2019, Life Tech filed two CBM petitions requesting that the PTO institute CBM review of all remaining dependent claims of the '538 patent on the ground that the claims are unpatentable under 35 U.S.C. § 101. *See* CBM2020-00001 (ECF 127, Ex. 1); CBM2020-00005. The PTAB will reach a decision on institution by May 8, 2020 and, if instituted, reach a final decision no later than May 3, 2021. Life Tech alleges that a decision of unpatentability in the latest CBMs would effectively end this litigation. ECF No. 144-1 at 8.

## II. Legal Standard

The Leahy-Smith America Invents Act (the "AIA") provides a "transitional program" to review CBM patents. AIA § 18. The AIA further grants district courts authority to stay proceedings, pending CBM review before the U.S. Patent and Trademark Office (the "USPTO"), upon the consideration of four factors: (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court. *Id.* § 18(b)(1); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1310 (Fed. Cir. 2014).

## III. Discussion

Plaintiff argues that the four factors weigh in favor of denying the motion to stay or, alternatively, continuing this motion until the PTAB decides to undertake review of the two latest CBMs. Defendant opposes.

### A. Simplification

13-cv-1278-GPC-LL

The first factor considers whether a stay will simplify the issues. AIA § 18(b)(1)(A). The two latest CBM petitions filed by Life Tech challenge all remaining claims. ECF No. 127-1 at 7. Plaintiff argues that this factor does not weigh in favor a stay because Life Tech is using the CBM petition as a delay tactic. ECF No. 132 at 14-15. Life Tech counters that a stay would not present a tactical advantage to Life Tech and therefore was not the motivation behind seeking the stay, and further contends that the current CBM reviews will substantially simplify or moot the present infringement claims, noting that all claims in the '538 patent that were challenged in the earlier CBM petitions are no longer at issue in this litigation. The Court agrees. Plaintiff's fifty-three new dependent claims asserted in its SAC were not at issue in the prior CBM reviews, and a CBM review of these remaining claims can simplify the issues. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1371–73 (Fed. Cir. 2014) *vacated on other grounds by* 780 F.3d 1134, 2015 WL 981523 (Fed. Cir. Feb. 27, 2015). If any dependent claims are invalidated based on a CBM review, those claims will not need to be litigated.

Plaintiff further argues that it would be premature to grant a stay even before PTAB has made its decision on institution and that the Court should therefore defer ruling on the motion to stay, citing *Loyalty Conversion Sys. Corp.*, 2014 WL 3736514 (E.D. Tex. July 29, 2014) and other cases. Life Tech counters that since the Federal Circuit has already confirmed that the '538 patent qualifies for CBM review, the PTAB is highly likely to institute review of the remaining claims.

There is a split on authority on the question of whether a motion to stay is premature if it is filed in district court after the CBM petition has been filed with the USPTO but before the petition has been instituted by the PTAB. *Protegrity Corp. v. Epicor Software Corp.*, 67 F. Supp. 3d 555, 561 (D. Conn. 2014) (collecting cases and describing the split of authority). In *VirtualAgility,* the Federal Circuit stated that while

4

the case for a motion to stay is stronger after post-grant review has been instituted, a motion to stay could be granted either before or after institution, and ultimately that the *VirtualAgility* court "express[ed] no opinion on which is the better practice." 759 F.3d at 1315-16. Therefore, filing a motion to stay before the institution "is not an *automatic bar against granting the motion,* but rather is one component that could weigh against the granting of the motion, in conjunction with the myriad of other factors." *Protegrity*, 67 F. Supp. 3d at 562–63.

Here, prior CBM petitions with respect to the '538 patent have already been granted on two separate occasions – both times resulting in simplification of issues in this instant litigation. *Cf. Audatex N. Am. Inc. v. Mitchell Int'l Inc.*, 46 F. Supp. 3d 1019, 1022 (S.D. Cal. 2014) (defendants' reliance on general statistics about the rate of PTAB's petition review was insufficient to establish a likelihood of review for the specific patent at issue in the instant action and therefore weighed against granting a stay). Ultimately, the legislative history of the AIA indicates that a "very heavy thumb" is placed "on the scale in favor of the stay." *Protegrity Corp. v. Epicor Software Corp.*, 67 F. Supp. 3d 555, 560 (D. Conn. 2014) (citing 157 Cong. Rec. S1053–54 (daily ed. Mar. 1, 2011)). Considering this and the outcomes of the prior CBM reviews with respect to the '538 patent, the Court finds the PTAB's remaining CBM reviews are likely to simplify the issues in this litigation and therefore weigh in favor of a stay.

**B.    Discovery and Trial Date**

The second factor considers whether discovery is complete and a trial date has been set. AIA § 18(b)(1)(B). The case is still in the preliminary stages of litigation, with a significant amount of discovery yet to be completed. This factor strongly favors staying the proceeding.

Plaintiff argues that petitioner should be estopped from bringing duplicative proceedings on the AIA's estoppel provision, which states:

13-cv-1278-GPC-LL

The petitioner in a transitional proceeding that results in a final written decision under section 328(a) of title 35, United States Code, with respect to a claim in a covered business method patent, or the petitioner's real party in interest, may not assert, either in a civil action arising in whole or in part under section 1338 of title 28, United States Code, or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 (19 U.S.C. 1337), that the claim is invalid on any ground that the petitioner raised during that transitional proceeding.

AIA § 18(a)(1)(D). Plaintiff argues that this provision prevents a petitioner from raising any invalidity arguments in a civil action that the petitioner had previously raised before the PTAB. Life Tech counters that Plaintiff misinterprets this provision, which in fact estops a petitioner from relitigating a particular *claim* on a particular ground for which PTAB had previously issued a final decision. The Court agrees with Life Tech. This estoppel provision does not apply to this instant action since Life Tech is challenging new dependent claims. Since Life Tech has not previously challenged the claims in that are challenged in the current CBM petitions, Life Tech is therefore not estopped from bringing these claims before the PTAB or before this Court.[1]

## C. Prejudice

The third factor is whether the nonmoving party would be unduly prejudiced or the moving party would gain a tactical advantage. AIA § 18(b)(1)(C). Plaintiff argues that since this case has been pending since 2013, Life Tech has used successive CBM petitions to delay the case to the prejudice of Plaintiff, and that TraceLink has used the same strategy. Plaintiff asserts that it has been "put in limbo for years because of Life [Tech]'s harassing, successive CBM petitions." ECF No. 151 at 22. However, as Defendant correctly points out, the compressed time frame allotted by Congress for CBM

---

[1] TraceLink argues that none of the cases that Plaintiff cites challenges this understanding of AIA § 18(b)(1)(C). ECF No. 133 at 7-8. The Court agrees.

1 | review lessens any risk of prejudice; Plaintiff may easily recover any money damages it

2 | is due if it ultimately prevails on its infringement claims; and, finally, the risk of

3 | prejudice to TraceLink – in terms of spending substantial sums for litigating claims that

4 | may ultimately be held invalid by any CBM review – outweighs any risk to Plaintiff.

5 | **D.    Litigation Burden**

6 | The fourth factor considers whether a stay would reduce the litigation burden.

7 | AIA § 18(b)(1)(D).  Plaintiff contends that any conclusion on this factor would be

8 | premature since there is no guarantee that PTAB will grant review of the CBM petitions.

9 | Defendant argues this factor weighs in favor of the stay since if the petition is granted,

10 | then several claims will be invalidated and excluded from the litigation, thereby reducing

11 | the burden on the Court and parties.  Defendant contends that if, in the alternative, the

12 | petitions are denied, then parties can continue with this litigation in six months with the

13 | exact same litigation burden.  This factor weighs in favor of Defendant.  Addressing the

14 | issue of whether or not the remaining dependent claims recite patent eligible subject

15 | matter under 35 U.S.C. § 101 can reduce the litigation burden on this Court and the

16 | parties.  *See Ultramercial Inc. v. HULU, LLC*, 772 F.3d 709, 718 (Fed. Cir. 2014)

17 | (Mayer, J., concurring) (section 101 is a "threshold test" and addressing it "at the outset

18 | of litigation will have a number of salutary effects").

19 | **IV.    Conclusion**

20 | **IT IS SO ORDERED.**

21 | Dated:  December 16, 2019

22 | Hon. Gonzalo P. Curiel

23 | United States District Judge

7

13-cv-1278-GPC-LL